JMM:LTG
F.# 2011R01510

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ERIC JACOBSON,

           Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR 12 432**
(T. 21, U.S.C., §§
841(a)(1), 841(b)(1)(C),
846, 853(a) and 853(p);
T. 18, U.S.C., §§ 2 and
3551 et seq.)

**HURLEY, J.**
**BOYLE, M**

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y
★ JUL 03 2012 ★
LONG ISLAND OFFICE

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Distribute a Controlled Substance)

    1.  In or about and between September 2010 and June 2012, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

    (Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Distribution of a Controlled Substance)

2. On or about August 16, 2011, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(Distribution of a Controlled Substance)

3. On or about September 8, 2011, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Distribution of a Controlled Substance)

4. On or about October 4, 2011, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally distribute a controlled

substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Distribution of a Controlled Substance)

5. On or about November 1, 2011, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Distribution of a Controlled Substance)

6. On or about November 29, 2011, within the Eastern District of New York, the defendant ERIC JACOBSON, together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SIX

7. The United States hereby gives notice to the defendant that, upon his conviction of any the offenses charged in Counts One through Six, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including, but not limited to: (a) All Funds on Deposit in J.P. Morgan Chase Investment, Account Number 958448359, Held in the Name of Eric Jacobson MD PC, Up To and Including the Sum of $730,750.10, and all Proceeds Traceable thereto; (b) All Funds on Deposit in J.P. Morgan Chase, Account Number 650065930965, Held in the Name of Eric Jacobson MD PC, Up To and Including the Sum of $142,345, and all Proceeds Traceable thereto; c) All Funds on Deposit in J.P. Morgan Chase, Account Number 47464747, Held in the Name of Eric Jacobson and Kavita Jacobson, Up To and Including the Sum of $629,500, and all Proceeds Traceable thereto and all interest and proceeds traceable thereto.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5

Criminal Action No. _____

# UNITED STATES DISTRICT COURT
**Eastern District of New York**

UNITED STATES OF AMERICA

-against-

ERIC JACOBSON

Defendant.

## INDICTMENT

(T. 21, U.S.C., §§ 841(a)(1), 841 (b)(1)(C), 846, 853 (a) and 853 (p); T. 18, U.S.C., §§ 2 and 3551 et seq.)

_A true bill._

_____
Foreman

Filed in open court this \_\_\_\_\_ day of _____ A.D. \_\_\_\_\_

_____
Clerk

Bail, $ _____

Lara Treinis Gatz
Assistant U.S. Attorney 631-715-7913

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 610 Federal Plaza, Central Islip, New York, on the \_\_\_ day of \_\_\_\_\_, 20\_\_, at 10:30 o'clock in the forenoon.

Dated: Central Islip, New York
_____, 20\_\_\_

United States Attorney,
Attorney for _____

_____
Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of \_\_\_\_\_ duly entered herein on the \_\_\_ day of _____, in the office of the Clerk of the Eastern District of New York.

Dated: Central Islip, New York
_____, 20\_\_\_

United States Attorney,
Attorney for _____

To: _____

Attorney for _____